IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CLEVELAND WINSTON KILGORE, JR.                                              PETITIONER

VERSUS                                          CIVIL ACTION NO. 5:13-cv-227-DCB-MTP

WARDEN S. FISHER                                                              RESPONDENT

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Kilgore, a federal inmate incarcerated at Federal Correctional Complex - Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on December 4, 2013. Upon review of the petition [1] and supplemental petition [3], the Court finds that the instant petition should be dismissed for the following reason.

Background

Petitioner was convicted in the United States District Court of Maryland of four counts of bank fraud, four counts of aggravated identity theft and aiding and abetting those offenses and was sentenced to a 149-month term of imprisonment. *United States v. Kilgore*, No. 07-4025, 2007 WL 44022840 at *1 (4th Cir. Nov. 15, 2007). The United States Court of Appeals of the Fourth Circuit affirmed his conviction. *Id*. Petitioner states that he is "challenging the custody 'simpliciter' [sic] of current violations of the Constitution, laws, and a self-executing treaty violation of this custody by the Respondent." Pet. [1] at 2.

As grounds for habeas relief, Petitioner presents the following:

GROUND ONE: I, Cleveland Winston Kilgore, Jr., am currently detained in violation of the laws of the United States which protect an internationally protected person, the current detention is in violation of U.S. laws 28 U.S.C. § 2241, 28 U.S.C. § 2243.

GROUND TWO: I am currently illegally detained and held in violation of my

>rights under the U.S. Constitution through a sentence I have not yet begun to
>serve that deprive me of my rights under the U.S. Constitution Fifth, and
>Fourteenth Amendment.

Pet. [1] at 6-7.  Petitioner requests as relief that his 149-month sentence be vacated or voided and that he be released immediately.  *Id*. at 8.

## Analysis[1]

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241.  *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992).  The proper means of attacking errors cognizable on collateral review that occurred "at or prior to sentencing" is by filing a petition pursuant to 28 U.S.C. § 2255 in the sentencing court.  *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)(citations omitted).

In the instant case, the Petitioner's allegations relate to the validity of his conviction and sentence based on claims that relate to alleged errors that occurred before or during sentencing and not to the manner in which his sentence is being executed.  These claims clearly are not properly asserted under § 2241.  "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion.  *Pack*, 218 F.3d at 452.  There is, however, an exception to this general rule.  A prisoner can resort to § 2241 if he satisfies his burden of establishing the so-called savings clause of § 2255, which "provides a

---

[1] This Court finds that even though the analysis of the petitioner's grounds for habeas relief pursuant to 28 U.S.C. § 2241 remains the same as previously discussed in civil action numbers 5:13-cv-43-DCB-MTP and 5:13-cv-77-DCB-MTP this Court will once again address the petitioner's § 2241 petition.

means to petition the courts for issuance of the 'Great Writ' when § 2255 is inadequate or unavailable." *See Wesson v. U.S. Penitentiary Beaumont, TX*, 305 F.3d 343, 345-46 (5th Cir. 2002).

Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." *Pack*, 218 F.3d at 452. The Fifth Circuit has held the savings clause of § 2255 to apply to a claim:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." *Id*. at 903.

To meet the first prong of the *Reyes-Requena* test, Petitioner must be relying on a decision by the Supreme Court which was retroactively applied establishing that the Petitioner was convicted of a nonexistent crime. *Reyes-Requena*, 243 F.3d at 904. The Petitioner has failed to provide any support to satisfy this requirement. Thus, the Petitioner has failed to meet the first prong of the requirements of *Reyes-Requena*. This Court need not address the second prong of the test because both prongs of the *Reyes-Requena* test must be met for a claim to benefit from the savings clause. Therefore, since the Petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

As stated above, § 2241 is not the proper forum to assert Petitioner's claims. This § 2241

petition, therefore, will be dismissed with prejudice as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed with prejudice for this Court's lack of jurisdiction.  *See Pack*, 218 F.3d at 454-55.

### Warning of Abuse of the Writ

The Court finds that Petitioner has filed at least four previous petitions for habeas relief pursuant to 28 U.S.C. § 2241.  *See Kilgore v. Warden*, No. 5:09-cv-333 (M.D. Fla. Aug. 12, 2009); *Kilgore v. Drew*, No. 5:09-cv-362 (M.D. Fla. Oct. 28, 2009); *Kilgore v. Martin*, No. 5:13-cv-43-DCB-MTP (S.D. Miss. May 16, 2013); Kilgore v. Marin, No. 5:13-cv-77-KS-MTP (S.D. Miss. June 6, 2013).  In reviewing these earlier filed § 2241 petitions, this Court finds that Petitioner is challenging the similar grounds previously raised in this Court and other federal courts.  *Id.*  As such, the instant petition could be found to be an abuse of the writ.  *See Davis v. Fetchel*, 150 F.3d 486 (5th Cir. 1998).  This Court is once again issuing Petitioner Kilgore a warning that any future attempts of a similar nature may result in this Court dismissing his petition filed pursuant to 28 U.S.C. § 2241 as an abuse of the writ process.

A Final Judgment in accordance with this Memorandum Opinion and Order shall issue this date.

THIS, the   7th   day of   January  , 20 14 .

                              s/David Bramlette
                          UNITED STATES DISTRICT JUDGE